IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv1039-MEF |
| | ) | (WO) |
| J.A. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is petitioner Michael D. Williams's ("Williams") *pro se* petition for

a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  When he filed his petition,

Williams was incarcerated at the Federal Prison Camp in Montgomery, Alabama ("FPC

Montgomery"), serving a 211-month sentence imposed in 1996 by the United States District

Court for the Northern District of Georgia, upon his conviction for conspiracy to aid and abet

the distribution of cocaine, use of a firearm in relation to a drug trafficking crime, and

extortion under color of an official right.[1]  Williams contends that the Federal Bureau of

Prisons ("BOP") violated the Second Chance Act[2] by failing to consider the mandated

statutory criteria when determining the duration of his placement in a residential reentry

---

[1] Williams's convictions arose from illegal activity while he was employed as a police officer with the Atlanta Police Department.  He solicited money from drug dealers in return for protection from the police.  (*See* Doc. No. 12-1 at 5.)

[2] *See* the Second Chance Act of 2007, Pub.L. 110-199, 122 Stat. 657 (Apr. 9, 2008).

center ("RRC") for the final portion of his federal sentence.  He maintains that he was wrongfully denied the 12 months of RRC placement he requested.

After reviewing Williams's petition, the supporting and opposing submissions, and the record in this case, the court concludes that the petition is due to be denied.

## II.   DISCUSSION

The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment."[3]  *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *see Wood v. Outlaw*, No. 2:09CV00010 JTR, 2010 WL 3417811, at *2 (Aug. 26, 2010) ("Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months.").  Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b):  (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any

---

[3]In relevant part, the Act states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission.[4]  *See* 18 U.S.C. § 3621(b)(1)-(5).

Under these statutes, all the BOP is obligated to do is to consider an inmate's request for RRC placement and apply the appropriate factors.  *See Brown v. Rios*, No. 08-5752, 2009 WL 5030768, at *8 (D. Minn. Dec. 14, 2009) (all that the Petitioner is entitled to, under [18 U.S.C. § 3624(c) ] is an individualized evaluation of the appropriate RRC placement for his reentry, in light of the specific factors outlined in Title 18 U.S.C. § 3621(b)."); *Reid v. Dewalt*, No. 09-CV-19-KKC, 2009 WL 383404, at *6 (E.D. Ky. Feb. 11, 2009) (the "Second Chance Act does not ... mandate that every federal prisoner is entitled to twelve-months, or even six-months, in pre-release CCC status"); *Safa v. Phillips*, No. 5:07CV154, 2008 WL 2275409, at *1 (N.D. W.Va. Jun. 2, 2008) ("Inmates are not entitled to six months CCC placement, rather they are entitled to have their placement considered in accordance with the five factors enumerated in 18 U.S.C. § 3621(b).").

Unless the BOP refuses to consider the § 3621(b) factors in making RRC placement decisions or refuses to consider an inmate for RRC placement beyond six months, the decision as to how long a particular inmate will be placed in an RRC is left to the BOP's

---

[4]The Act also requires the BOP to issue regulations that shall ensure placement in an RRC by the BOP is (1) conducted in a manner consistent with § 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the greatest likelihood of successful integration into the community.  *See* 18 U.S.C. § 3624(c)(6)(A)-(C).

discretion, and that decision will not be disturbed by the federal courts. *Huggins v. Pastrana*, No. 09-22635, 2010 WL 4384211, at *4 (S.D. Fla. Sep. 22, 2010) (citing *Moncrieffe v. Yost*, No. 09-4418, 2010 U.S.App. LEXIS 4567, at *6-7 (3d Cir. Mar. 4, 2010)).

Williams contends that the BOP (1) failed to consider in good faith the mandated statutory criteria when determining the duration of his placement in an RRC, (2) improperly added an "extraordinary circumstances" requirement for approval of extended placements in RRCs,[5] and (3) failed to provide a sufficient explanation for denying him placement in an RRC for the maximum amount of time allowed (i.e., 12 months).  (Doc. No. 1 at 2-5.)

The record before the court establishes that the BOP at FPC Montgomery complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in considering Williams's placement in an RRC.  The Warden of FPC Montgomery has designated unit team members such as case managers to make halfway house determinations on an individual basis.  In March 2009, in accordance with the Second Chance Act and BOP policies, CasSandra Dunning, Williams's case manager at FPC Montgomery, evaluated Williams for RRC placement and recommended that Williams be placed in a halfway house for a maximum of 180 days (6 months).  (*Dunning Declaration*, Doc. No. 12-1, at 1-7.)  On September 1, 2009, a program review of Williams's RRC placement took place, after which Williams was again recommended to be placed in a halfway house for a maximum of 180 days during the final

---

[5]In this regard, Williams maintains FPC Montgomery staff implemented an informal directive, based on a "Guidance Memo" issued by the BOP in April 2008, that RRC placement beyond six months should be approved only upon an inmate's showing of "extraordinary circumstances."  (Doc. No. 1 at 3-4.)

months of his sentence.  (*Id*. at 6-7.)  A team review was conducted on January 26, 2010, to afford Williams an opportunity to provide additional information he wanted the BOP to consider.  (*Id*. at 7.)  In connection with that review, Williams was specifically asked if he had any additional information to provide, and he responded "no."  (*Id*.)

Williams's case manager Dunning has given sworn testimony that, in reviewing Williams's request for RRC placement,  she considered all the factors listed in 18 U.S.C. § 3621(b) – set forth in detail in her Declaration – after which she concluded that

> [b]ased on all of the above factors, it appeared inmate Williams has few transitional needs, and he does not need a long period of time in an RRC to adjust to being released an successfully integrating back to the community. Therefore, I determined an RRC placement of 180 days would be of sufficient duration to provide the greatest likelihood for successful reintegration into the community.

(*Id*. at 6.)

Based on the foregoing, this court finds that BOP authorities made an individualized evaluation of the appropriate RRC placement, in light of the specific factors outlined in 18 U.S.C. § 3621(b), in making their recommendation with regard to Williams.  This is all that the Second Chance Act requires. *See Banks v. Pearson*, Nos. 5:09cv148-DCB-MTP, 5:09cv174-DCB-MTP, 2010 WL 2817180, at *4 (S.D. Miss. Mar. 22, 2010) ("The record before the court establishes that the BOP considered the appropriate factors – which is all it was required to do."); *Wilson v. Keffer*, No. 08-1961, 2009 WL 1230020, at *5 (W.D. La. May 5, 2009) ("the available evidence establishes that the prison authorities complied with the requirements of 18 U.S.C. §§ 3621 and 3624 in making their recommendation, and thus

petitioner, who bears the burden of proof as to this issue, has not established that his custody violates the Constitution or laws of the United States"). Consequently, Williams fails to establish that the BOP did not consider in good faith the mandated statutory criteria when determining the duration of his placement in an RRC.

Regarding Williams's assertion that an "extraordinary circumstances" requirement was applied to him, there is no indication that this was in fact the case. Further, "[b]eyond the five factors listed in § 3261(b)(1)-(5), nothing in the statute limits the BOP's discretion to determine if, or for how long, an inmate must stay in an RRC.... [T]his Court holds that the BOP may limit placement in an RRC beyond six months to those inmates with extenuating or exceptional circumstances." *Hayes v. Grayer*, No. 1:0-CV-2501-RWS, 2009 WL 4906864, at *7 (N.D. Ga. Dec. 17, 2009). A standard of "'extraordinary justification' still allows consideration of all five factors and does not offend the requirements of the Second Chance Act." *Delaney v. Grayer*, No. 1:10-CV-0494-TWT-LTW, 2010 WL 4963001, at *3 (N.D. Ga. Oct. 27, 2010). Moreover, the record reflects that Williams was afforded an opportunity to show that in the individual circumstances of his case, a longer RRC placement would be justified. *See Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008).

Finally, with regard to Williams's claim that he was not provided with a sufficient explanation for the BOP authorities' denying him placement in an RRC for the maximum time, the statute does not require the BOP to provide prisoners with a detailed statutory

analysis whenever a prisoner requests a transfer to an RRC. *Id.* (citing *Miller*, 527 F.3d at 758). For this reason, and all the reasons stated above, Williams's petition should be dismissed.[6]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 17, 2011**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

---

[6]This court notes that it appears Williams has completed the incarceration portion of his federal sentence. *See* the BOP's website, http://www.bop.gov/iloc2/LocateInmate.jsp. Williams' objective in filing his petition was to obtain placement in an RRC for a period longer than the final six months of his sentence. Arguably, then, the issues presented in this case are moot, as this court can no longer give Williams meaningful relief as to his claims regarding his placement in an RRC. Even if a federal prisoner should prevail on his RRC claims, "he would be entitled only to 'an order requiring the BOP to consider – in good faith – whether or not [he] should be transferred to [an RRC]' on an individualized basis in light of the statutory factors." *Moncrieffe v. Yost*, No. 09-4418, 2010 U.S.App. LEXIS 4567, at *6-7 (3d Cir. Mar. 4, 2010) (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005)). In any event, Williams fails to demonstrate that his claims are meritorious.

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 3rd day of November, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE